IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

BRANDON JOHNSON,

    Petitioner,

v.                                               CASE NO. 3:15-cv-211-LC-GRJ

WARDEN, FPC PENSACOLA,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner initiated this case by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (captioned as "Motion for Second Chance Act") requesting that the Court grant him 12 months' placement in a residential reentry center (RRC) or community correction center (CCC) for the final 12 months of his sentence. Alternatively, Petitioner requests six months' placement in RRC/CCC followed by six months' home confinement. Petitioner states that he "did not pursue exhausting any administrative remedies because they are futile[.]" Doc. 1.

Petitioner failed to either pay the $5.00 habeas corpus filing fee or file a motion for leave to proceed as a pauper. Further, the Petition is deficient in that Petitioner failed to use the Court's form for prisoners seeking habeas corpus relief under 28 U.S.C. § 2241. The Court does not recommend that Petitioner be afforded an opportunity to cure these deficiencies because it is clear that the Petition is due to be dismissed for failure to exhaust administrative remedies.

The responsibility for executing a federal sentence lies with the Attorney General of the United States, who has delegated such responsibility to the BOP.[1] The BOP has

---

[1] *United States v. Lucas*, 898 F.2d 1554, 1556 (11th Cir. 1990).

formulated an administrative remedy program through which federal inmates may challenge the BOP's sentence computation and decisions regarding placement.[2]

Although there is no statutory requirement that a federal inmate exhaust his administrative remedies prior to filing a writ of habeas corpus pursuant to § 2241, and thus exhaustion is not jurisdictional, it is nonetheless a requirement that the Court may enforce.[3] Therefore, to obtain judicial review of a sentence computation by the BOP, a federal inmate must first exhaust his available administrative remedies within the BOP's administrative remedy program.[4] Petitioner concedes that he has not done so.

Accordingly, it is respectfully **RECOMMENDED** that this case be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies before filing the Petition.

**IN CHAMBERS** this 12th day of May 2015.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

---

[2] The Bureau of Prisons makes available to its inmates a three level administrative remedy process if informal procedures fail to achieve the desired results. 28 C.F.R. § 542.10, *et seq*. The administrative remedy process is begun by filing a Request for Administrative Remedy at the institution where the inmate is incarcerated. If the inmate's complaint is denied at the institutional level, he may appeal by filing a Regional Administrative Remedy Appeal with the Regional Office for the geographic region in which the inmate's institution of confinement is located. Finally, if the Regional Office denies relief, the inmate can appeal that decision to the Office of General Counsel via a Central Office Administrative Remedy Appeal.

[3] *Santiago-Lugo v Warden,* __ F.3d __, 2015 WL 1936707 (11th Cir. April 30, 2015).

[4] *See United States v. Mitchell*, 845 F.2d 951, 952-53 (11th Cir. 1988); *United States v. Mathis*, 689 F.2d 1364, 1365 (11th Cir. 1982).

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**